UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT MAYS,

      Plaintiff,

      v.

W. EDWARD MEEKS, JR.,

      Defendant.

Civil Action No. 05cv2116 (CKK)

**ORDER**
(January 4, 2006)

On October 25, 2005, *Pro Se* Plaintiff Robert Mays filed a Complaint in this action,

alleging, *inter alia*, that Defendant W. Edward Meeks, Jr., made false and defamatory statements

against him.  On November 21, 2005, Plaintiff submitted a handwritten Motion to Appoint Counsel,

noting:  "Due to lack of funds, I request an attorney that will work for a percentage of what's

recovered.  I cannot afford an attorney."  *See* Pl.'s Mot. to Appt. Counsel at 1.  On November 30,

2005, Defendant filed [6] a motion to dismiss in this case, contending that this Court lacks both

personal and subject matter jurisdiction.  *See* Def.'s Mot. to Dismiss at 1-2.  Plaintiff responded in

two ways.  First, on December 7, 2005, Plaintiff filed [7] a Motion for Extension of Time to respond

to Defendant's Motion to Dismiss, which stated, "I want an attorney. Please grant me enough time

to file an attorney."  *See* Mot. for Extension of Time at 1.  Second, on December 14, 2005, Plaintiff

filed a brief, handwritten [8] "Motion to Deny Defendant's Motion to Dismiss," which asserted that

he had been the victim of "malpractice" and informed the Court that "I need a lawyer but as of this

date I have been unable to find one."  *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1.

Two problems exist with Plaintiff's Motion to Appoint Counsel. First, "[g]enerally, plaintiffs in civil cases do not have a constitutional or statutory right to counsel." *Doyle v. Dist. of Columbia*, Civ. No. 96-2268 (RMU), 1997 WL 590799, at *1 (D.D.C. Sept. 12, 1997) (citing *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Peterson v. Nalder*, 452 F.2d 754, 757 (8th Cir. 1971)). A court is authorized to appoint counsel for a *pro se* civil plaintiff under 28 U.S.C. § 1915(d); however, such an action is guided by the Court's discretion and the rules of the Court's Civil Pro Bono Panel. In the United States District Court for the District of Columbia, the Civil Pro Bono Panel accepts appointments only if the plaintiff is both *pro se* and *in forma pauperis*. Despite Plaintiff's statement that he cannot afford to retain a lawyer or find one willing to take his case, Plaintiff currently is not proceeding *in forma pauperis*, nor has he filed an application to proceed in such a manner. As such, Plaintiff is ineligible for appointment of counsel in this case.

Second, while a court may appoint counsel pursuant to 28 U.S.C. § 1915(d), "it is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances that denial of counsel would result in fundamental unfairness." *Doyle*, 1997 WL 590799, at *1 (citing *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); *Martorano v. FBI*, Civ. Nos. 89-377, 89-1345, 89-813, 89-1792 (RCL), 1991 WL 212521, at *1 (Sept. 30, 1991)). In deciding whether to appoint counsel to eligible plaintiffs, a court should consider factors such as (1) the merits of plaintiff's claim; (2) whether plaintiff is capable of presenting his case adequately; (3) the type and complexity of the case; (4) plaintiff's ability to investigate adequately crucial facts related to the claim; (5) plaintiff's diligence in seeking counsel; and (6) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and cross-examination. *See Martorano*, 1991 WL 212521, at *1 (citing cases); *see also Doyle*, 1997 WL 590799, at *1 (citing

LCvR 702.1(a)(4)(B)).  After weighing these factors and the limited *pro bono* resources available for appointment to *pro se* cases, the Court also concludes that – even if Plaintiff were eligible – the appointment of counsel is not warranted at this time in this action alleging slander.  Accordingly, the Court shall DENY [3] Plaintiff's Motion to Appoint Counsel.

As noted previously, Defendant has filed a Motion to Dismiss in this case, to which Plaintiff has filed an Opposition that consists of little more than a recitation of his need for a lawyer.  Such an Opposition is inadequate under the law.  In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion.  "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case."  *Id.* at 509.  Plaintiff must file an Opposition that deals directly with the merits of Defendant's argument that this Court lacks both personal and subject matter jurisdiction over Defendant, or these arguments will be deemed conceded to Defendant.

However, given the efforts by Plaintiff to prosecute this suit and obtain a lawyer, the Court shall GRANT [7] Plaintiff's Motion for Extension of Time in this case.  The Court shall give Plaintiff until Monday, February 20, 2006 to respond to the merits of Defendant's Motion to Dismiss – hopefully, by this time, Plaintiff will have obtained a lawyer who will prosecute his suit on the contingency fee basis that he proposes.  If Plaintiff does not respond, the Court shall treat the motion as conceded and dismiss the Complaint.

Accordingly, it is, this 4th day of January, 2006, hereby

**ORDERED** that [3] Plaintiff's Motion to Appoint Counsel is DENIED; it is further

**ORDERED** that [7] Plaintiff's Motion for Extension of Time is GRANTED; it is further

**ORDERED** that Plaintiff shall have until Monday, February 20, 2006 to respond to the

merits of Defendant's Motion to Dismiss, or the Court shall dismiss this case; it is further

**ORDERED** that [8] Plaintiff's Motion to Deny [6] Defendant's Motion to Dismiss is

DENIED, with Plaintiff provided leave to refile his "Opposition to Defendant's Motion to Dismiss"

as described above.

**SO ORDERED.**


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

4

**<u>Send Copies To:</u>**

ROBERT MAYS
357 Mays Road
Smithville, GA 31787
(229) 874-6110
PRO SE PLAINTIFF

W. EDWARD MEEKS
P.O. Box 71525
Albany, GA 31708-1525
(229) 439-9234
PRO SE DEFENDANT